## J. H. Johnson, Defendant in Error, v. James Hogg, Plaintiff in Error.

### Gen. No. 21,775.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

### Statement of the Case.

Action by J. H. Johnson, plaintiff, against James Hogg, defendant, to recover for alleged balance on a building contract. From a judgment for plaintiff, defendant brings error.

The statement of claim alleged that there was a written contract between the parties whereby plaintiff agreed to construct for defendant a building according to certain plans and specifications for a certain price; that the contract provided that the work was to be done under the direction of the architect and that his decision was to be final, that the payments were to be made only upon the architect's certificates, and that the final certificate should be conclusive evidence of the performance of the contract. It further alleged the issuance of a final certificate under the contract and refusal of defendant to pay. Defendant filed his affidavit of merits and a set-off.

The affidavit of merits and set-off both set forth numerous facts, pertaining mostly to improper and defective construction and complaints of the owner on the subject, and stated as a conclusion therefrom (1) that the plaintiff "waived and suspended the operation of said final certificate"; and (2) that "said architect issued said certificate in consequence of the mistake as to the actual condition of said walls, floors and elevator pit, and that said mistake was the result of

said misrepresentations, concealment and fraudulent omissions of plaintiff's employees in charge of said work, to disclose to said architect the defects as aforesaid''; and (3) that the terms of the contract had not been fulfilled and that to complete it ''in accordance with the terms and conditions of the contract and specifications'' would reasonably cost $950.

EMERY S. WALKER, LE ROY V. PENWELL and E. CARL TOURJE, for plaintiff in error.

EDMUND W. FROEHLICH, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*what is effect of final certificate of architect.* Where a building contract provides for the construction of a building according to certain plans and specifications for a certain price, that the work shall be done under the direction of an architect and that his decision shall be final, that the payment shall be made only upon his certificate and that the final certificate shall be conclusive evidence of the performance of the contract, and such final certificate is issued and defendant refuses to pay, the defendant is limited to the defense of fraud and mistake in the issuance of the final certificate.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense is insufficient as a legal defense.* In an action by a building contractor against the owner to recover an alleged balance due on the contract after issuance of a final certificate under the contract and refusal of the owner to pay, an affidavit of defense *held* to be unresponsive to the issues tendered by the statement of claim and to be insufficient as a legal defense.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*when evidence sufficient to show architect's certificate is final.* In an action by a building contractor to recover an alleged balance due on the contract after issuance of an alleged final certificate by the architect and refusal of the owner to make payment, evidence *held* sufficient to show that such certificate was a final one and intended as such.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence sufficient to show waiver of architect's certificate as final.* In an action on a building contract, evidence *held* sufficient to show waiver of an architect's certificate as a final certificate.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence insufficient to impeach final certificate.* In an action on a building contract, evidence *held* insufficient to show fraud or mistake which would impeach a final certificate issued by the architect.

6. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*what constitutes a final certificate.* A final certificate issued by an architect is one which is issued after a job is done and which finally determines the rights of the parties as to money and disputes.

7. SET-OFF AND RECOUPMENT, § 40*—*when evidence insufficient to sustain plea of set-off.* In an action on a building contract to recover a balance alleged to be due after the issuance of a final certificate and in which defendant filed a plea of set-off for alleged defects in construction, evidence *held* insufficient to sustain a plea of set-off.